UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JIN ACKERMAN,

    Plaintiff

v.

GITTERE, et. al.,

    Defendants

Case No.: 3:20-cv-00337-MMD-WGC

**Order**

Re: ECF Nos. 16, 16-1

    Before the court is Plaintiff's motion for leave to file amended complaint and proposed amended complaint. (ECF Nos. 16, 16-1.) Defendants did not file a response.

## I. BACKGROUND

    The court screened Plaintiff's original complaint and allowed him to proceed with a due process claim against defendants Moskoff, Homan, Gittere, Reubart, Dzurenda and Sandoval. This claim is based on allegations that Plaintiff was stabbed during a riot between African American and Asian/Islander inmates at Ely State Prison (ESP). As a result of the incident, Plaintiff was initially charged with murder, but the charge was later changed to battery, but Moskoff failed to provide Plaintiff with written notice of the new charges. In addition, Homan, who presided over his disciplinary hearing, refused to postpone the hearing and refused Plaintiff's request for witnesses. Homan ultimately found Plaintiff guilty of the offense of rioting, even though video evidence demonstrated Plaintiff was innocent. Plaintiff received a variety of sanctions, including restitution, but not disciplinary segregation. Plaintiff alleges that despite not being sanctioned to disciplinary segregation, he has been in disciplinary housing for

over 200 days. He avers that he notified Gittere, Reubart, Dzurenda and Sandoval of the deficiencies, but they did nothing to correct them.

Plaintiff was also allowed to proceed with a failure to protect claim against Gittere and Dzurenda, based on allegations that they intentionally switched to an ineffective form of tear gas to save money, and as a result the guards had no effective means to stop prison riots and contributed to Plaintiff being stabbed.

Finally, Plaintiff was allowed to proceed with an equal protection claim against Reubart, alleging that Reubart placed Plaintiff with all the other Asian/Islander inmates in restrictive disciplinary housing while all black inmates, including those convicted of rioting like Plaintiff, were moved to standard, non-restrictive housing.

Service was accepted on behalf of all defendants, with a notation that service was accepted by Tasheena Cooke, whom Plaintiff had named as Sandoval. (ECF No. 17.)

Plaintiff now moves to amend his complaint to change Sandoval's name to Cooke; add the new director of NDOC (Charles Daniels) as a defendant; and include allegations that show Gittere's and the new director's involvement and/or awareness of Count III. Count IV, which was dismissed on screening, is removed from the amended complaint.

## II. DISCUSSION

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). Otherwise, a party must seek the opposing party's written consent or leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2).

Here, Plaintiff filed his motion before service was accepted, and before an answer to the complaint was filed; therefore, the motion does not technically fall within the parameters of Rule 15(A)(1); however, the court finds it is appropriate to grant Plaintiff leave to amend, particularly where Defendants did not oppose the motion.

### III. CONCLUSION

The motion for leave to amend (ECF No. 16) is **GRANTED**;

The Clerk shall **FILE** the amended complaint (ECF No. 16-1);

Plaintiff may proceed with: Claim 1 for violation of his due process rights against Moskoff, Homan, Gittere, Reubart, Cooke (Sandoval), and Dzurenda; Claim II for failure to protect may proceed against Gittere and Dzurenda; Claim III for violation of the Equal Protection Clause may proceed against Reubart, Gittere, and NDOC's current director Charles Daniels.

Within **14 days** of the date of this Order, the Office of the Attorney General shall file a notice indicating whether it will accept service on behalf of director Charles Daniels.

Within **30 days** of the date of this Order, Defendants shall file an answer or otherwise respond to the amended complaint.

The current scheduling order deadlines (ECF No. 19) are vacated. The court will issue a new scheduling order once an answer is filed to the amended complaint.

**IT IS SO ORDERED**.

Dated: January 3, 2022

_____
William G. Cobb
United States Magistrate Judge