UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JIN ACKERMAN,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br>GITTERE, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 3:22-cv-00049-MMD-CSD<br><br>SCREENING ORDER |

*Pro se* Plaintiff Jin Ackerman, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1-1 ("Complaint").) Ackerman has also filed an application to proceed *in forma pauperis*. (ECF No. 1.) The matter of the filing fee will be temporarily deferred. The Court now screens Ackerman's Complaint under 28 U.S.C. § 1915A.

**I.    SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

///

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *See id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide

the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. SCREENING OF COMPLAINT

In the Complaint, Ackerman sues multiple Defendants for events that took place while Ackerman was incarcerated at Ely State Prison ("ESP"). (ECF No. 1-1 at 1.) Ackerman sues Defendants Gittere, NDOC Director 2020, and B. Williams. (*Id.* at 1-2.) Ackerman brings two counts and seeks monetary and injunctive relief. (*Id.* at 3-8.)

Ackerman alleges the following. On October 13, 2019, there was an attempt to murder an inmate which led to a riot and fighting between two racial groups. (*Id.* at 3.) Ackerman was targeted because of his race, and he was unable to leave the area. (*Id.*) Following the incident, Ackerman was initially charged with murder. (*Id.*) This charge was later amended to battery and then amended again to rioting. (*Id.* at 4.) Ackerman was found guilty of rioting and assessed restitution. (*Id.*)

Ackerman was denied the ability to participate in a restitution hearing, and he did not receive an itemized list of the assessed restitution. (*Id.*) Ackerman was charged restitution for damages related to the attempted murder, of which he was not found guilty, as well as damages for the subsequent rioting. (*Id.*) Ackerman was told he was charged restitution for the attempted murder because he was involved in the rioting following the

murder "to some extent," and "restitution cannot be negotiated." (*Id.*) Based on these allegations, Ackerman brings an Eighth Amendment due process claim[1] and a claim of cruel and unusual punishment under the Eighth Amendment.

These allegations are very similar to allegations that Ackerman made in a previously filed case, Case No. 3:20-cv-00337-MMD-CSD ("First Case"). In that case, Ackerman alleged that he did not receive due process during his disciplinary hearing, was found guilty of rioting, even though video evidence showed Ackerman was innocent, and subsequently charged restitution and placed in segregation. (*See* Case No. 3:20-cv-00261-MMD-CLB (ECF No. 8 at 4-5)).

Duplicative litigation by a plaintiff proceeding *in forma pauperis* may be dismissed as malicious under 28 U.S.C. § 1915(e). *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that repetitious litigation of virtually identical causes of action is subject to dismissal as malicious)); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993) (holding that it is malicious for a "pauper" to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff).

The allegations in this case appear to be mostly duplicative of the allegations in the First Case with a few additional allegations. It does not appear that Ackerman was deliberately bringing duplicative litigation, rather it appears that after bringing the First Case, Ackerman realized he should have included a few more allegations. Rather than filing an amended complaint in the First Case, Ackerman initiated this action.

In light of the apparently duplicative allegations in the two cases, the Court is inclined to dismiss this case to control its docket. *See, e.g., Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986) (explaining that in exercising their inherent power to control their dockets, courts "may impose sanctions including, where appropriate . . . dismissal"). However, the Court will first provide Ackerman an opportunity to show cause why this case (Case No. 3:22-cv-00049-MMD-CSD) should not be dismissed as

---

[1] The Court notes that Ackerman's due process claim is grounded in the Fourteenth Amendment, not the Eighth Amendment.

duplicative. If Ackerman believes that the allegations and claims in this case are different and distinct from the claims in the First Case, Ackerman must show cause in writing within 30 days explaining why this case should not be dismissed as duplicative of the First Case.

Alternatively, if Ackerman agrees with the Court that this case is duplicative of the First Case, Ackerman may file a motion to voluntarily dismiss this case. The Court will grant Ackerman leave to file an amended complaint in the First Case so that Ackerman may include the additional factual allegations and claims from this case in the First Case.

### III. CONCLUSION

It is therefore ordered that within 30 days of when this order is issued, Plaintiff Jin Ackerman must show cause, in writing, why this case should not be dismissed as duplicative of claims encompassed in Case No. 3:20-cv-00337-MMD-CSD.

It is further ordered that, within the same timeframe, Ackerman may alternatively voluntarily dismiss this case, if Ackerman agrees that his assertions herein are in fact duplicative as noted.

It is further ordered that the Court will grant Ackerman leave to file an amended complaint in Case No. 3:20-cv-00337-MMD-CSD so that Ackerman may include the additional factual allegations and claims from this case in Case No. 3:20-cv-00337-MMD-CSD.

DATED THIS 1st Day of June 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE