UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JIN ACKERMAN,

    Plaintiff

v.

W. GITTERE, et al.,

    Defendants

Case No.: 3:20-cv-00337-MMD-CSD

**Order**

Re: ECF No. 33

Before the court is Plaintiff's motion to file a second amended complaint (SAC). (ECF No. 33.) Defendants filed a response. (ECF No. 37.) No reply was filed.

For the reasons set forth below, the motion is granted in part and denied in part.

## I. BACKGROUND

The court screened Plaintiff's original complaint and allowed him to proceed with a due process claim against defendants Moskoff, Homan, Gittere, Reubart, Dzurenda, and Sandoval. This claim is based on allegations that Plaintiff was stabbed during a riot between African American and Asian/Islander inmates at Ely State Prison (ESP). As a result of the incident, Plaintiff was initially charged with murder, but the charge was later changed to battery and then to rioting, but Moskoff failed to provide Plaintiff with written notice of the new charges. In addition, Homan, who presided over his disciplinary hearing, refused to postpone the hearing and refused Plaintiff's request for witnesses. Homan ultimately found Plaintiff guilty of the offense of rioting, even though video evidence demonstrated Plaintiff was innocent. Plaintiff received a variety of sanctions, including restitution, but not disciplinary segregation. Plaintiff alleges that despite not being sanctioned to disciplinary segregation, he has been in disciplinary housing for

over 200 days. He avers that he notified Gittere, Reubart, Dzurenda, and Sandoval of the deficiencies, but they did nothing to correct them.

Plaintiff was also allowed to proceed with a failure to protect claim against Gittere and Dzurenda, based on allegations that they intentionally switched to an ineffective form of tear gas to save money, and as a result, the guards had no effective means to stop prison riots and contributed to Plaintiff being stabbed.

Finally, Plaintiff was allowed to proceed with an equal protection claim against Reubart, alleging that Reubart placed Plaintiff with all the other Asian/Islander inmates in restrictive disciplinary housing while all black inmates, including those convicted of rioting like Plaintiff, were moved to standard, non-restrictive housing.

Service was accepted on behalf of all defendants, with a notation that service was accepted by Tasheena Cooke, whom Plaintiff had named as Sandoval. (ECF No. 17.)

Plaintiff then sought leave to file a first amended complaint (FAC) to change Sandoval's name to Cooke; add the new director of NDOC (Charles Daniels) as a defendant; and include new allegations that show Gittere's and Daniel's involvement and/or awareness of Count III. In addition, Count IV, which was dismissed on screening, was removed from the FAC. (ECF No. 16.) Defendants did not oppose the motion, and it was granted. Plaintiff was allowed to proceed with: Claim I for violation of his due process rights against Moskoff, Homan, Gittere, Reubart, Cooke (Sandoval), and Dzurenda; Claim II for failure to protect against Gittere and Dzurenda; and Claim III for violation of the Equal Protection Clause against Reubart, Gittere, and Daniels. (ECF No. 21.)

Plaintiff has now filed this motion to file a SAC, stating that he was given leave to do so in case 3:22-cv-00049-MMD-CSD. Plaintiff seeks to add allegations to Claim I that B. Williams

violated his due process rights by denying him a restitution hearing and improperly assessing restitution. Plaintiff also seeks to add defendants and allegations to Claims I and III, and he wants to increase his requested damages.

## II. LEGAL STANDARD

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). Otherwise, a party must seek the opposing party's written consent or leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2).

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given where amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted).

## III. DISCUSSION

Under the scheduling order, Plaintiff had until April 4, 2022, to file a motion for leave to amend. (ECF No. 28 at 5.) Plaintiff's motion was filed over two months beyond that deadline, on June 13, 2022.

Where a motion for leave to amend is filed after entry of the Rule 16 scheduling order deadline, the movant cannot "appeal to the liberal amendment procedures afforded by Rule 15." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2006). Instead, the movant must "satisfy the *more stringent* 'good cause' showing required under Rule 16." *Id.* (emphasis original). Rule 16 expressly states that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The district court is given broad

3

discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order … will not be disturbed unless they evidence a clear abuse of discretion." *C.F. ex rel. Farnan v. Capistrano Unified School Dist.*, 654 F.2d 975, 984 (9th Cir. 2011) (citation and quotation marks omitted). "Unlike Rule 15(a)'s liberal amendment policy …, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Plaintiff's basis for seeking leave to amend is that he was granted leave to do so in case 3:22-cv-00049-MMD-CSD. The screening order in that case was issued on June 1, 2022, after the scheduling order deadline for motions for leave to amend in this case. The complaint in case 3:22-cv-00049-MMD-CSD named Gittere, the NDOC Director, and B. Williams. There, Plaintiff alleged that he was denied due process because he was denied the ability to participate in the restitution hearing and was denied notice of the restitution assessed in connection with the rioting incident that is the subject of this action as well. Chief Judge Du found that the allegations were duplicative of those in this action. The court gave Plaintiff the opportunity to voluntarily dismiss the 3:22-cv-00049-MMD-CSD case, and if he did so, said Plaintiff would be given leave to file an amended complaint in this action to include the additional factual allegations from the 3:22-cv-00049-MMD-CSD case. Plaintiff filed a motion for voluntary dismissal in 3:22-cv-00049-MMD-CSD, which was granted, and that case was dismissed.

In light of Chief Judge Du's ruling in 3:22-cv-00049-MMD-CSD, the court finds good cause exists (at least in part) for the belated filing of the motion to amend in this action. Insofar as Plaintiff seeks leave to assert the due process claim regarding the restitution hearing and assessment against B. Williams in this action, his motion is granted.

Chief Judge Du did not give Plaintiff leave to amend in any other regard, and Plaintiff does not set forth good cause for the failure to timely seek leave to amend with respect to the other defendants and allegations discussed in his motion to file the SAC. Therefore, to the extent Plaintiff seeks leave to amend to include anything other than the due process claim against B. Williams in the SAC, Plaintiff's motion is denied.

Finally, Defendants are correct that Plaintiff's motion fails to attach a proposed SAC in violation of Local Rule 15-1. Plaintiff is required to file a SAC that will be the operative complaint in this action. The SAC is limited to the following claims and defendants: (1) Claim I: a violation of due process rights against Moskoff, Homan, Gittere, Reubart, Cooke (Sandoval), Dzurenda, and B. Williams; (2) Claim II: failure to protect against Gittere and Dzurenda; and (3) Claim III: violation of the Equal Protection Clause against Reubart, Gittere, and Daniels.

## IV. CONCLUSION

(1) Plaintiff's motion to file a SAC (ECF No. 33) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's motion is **GRANTED** insofar as he is given leave to file a SAC that is limited to the following claims and defendants:

(A) Claim I: a violation of due process rights against Moskoff, Homan, Gittere, Reubart, Cooke (Sandoval), Dzurenda, and B. Williams.

(B) Claim II: failure to protect against Gittere and Dzurenda.

(C) Claim III: violation of the Equal Protection Clause against Reubart, Gittere, and Daniels.

The motion is **DENIED** insofar as Plaintiff seeks to amend in any other regard.

(2) Plaintiff has **21 days** from the date of this Order to file the SAC limited to these claims and defendants. If Plaintiff fails to timely file the SAC, this action will proceed on the

FAC. If the SAC is filed and it contains claims, defendants or allegations other than those allowed to proceed by this Order, the SAC will be stricken and the action will proceed on the FAC.

(3) Within **14 days** of the filing of the SAC, the Attorney General's Office shall file a notice indicating whether it can accept service for B. Williams, and if it cannot, it shall file B. Williams' last known address under seal, but shall not serve it on the Plaintiff.

(4) The existing scheduling order deadlines (set forth at ECF No. 39) are **VACATED**. The new deadlines are as follows:

Discovery completion deadline - **November 30, 2022**.
Discovery motions - **December 16, 2022.**
Dispositive motions - **December 30, 2022**.
Joint Pretrial Order - **January 30, 2023**, unless a dispositive motion is filed, in which case the Joint Pretrial Order is due **30 days** after a decision on the dispositive motion.

**IT IS SO ORDERED**.

Dated: September 21, 2022

_____
Craig S. Denney
United States Magistrate Judge