# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JIN ACKERMAN,

    Plaintiff

v.

W. GITTERE, et al.,

    Defendants

Case No.: 3:20-cv-00337-MMD-CSD

**Order**

Re: ECF No. 43

Before the court is Plaintiff's motion for reconsideration of the court's order at ECF No. 42. (ECF No. 43.) No response has been filed.

For the reasons set forth below, the motion is granted.

## I. BACKGROUND

The court screened Plaintiff's original complaint and allowed him to proceed with a due process claim against defendants Moskoff, Homan, Gittere, Reubart, Dzurenda, and Sandoval. This claim is based on allegations that Plaintiff was stabbed during a riot between African American and Asian/Islander inmates at Ely State Prison (ESP). As a result of the incident, Plaintiff was initially charged with murder, but the charge was later changed to battery and then to rioting, but Moskoff failed to provide Plaintiff with written notice of the new charges. In addition, Homan, who presided over his disciplinary hearing, refused to postpone the hearing and refused Plaintiff's request for witnesses. Homan ultimately found Plaintiff guilty of the offense of rioting, even though video evidence demonstrated Plaintiff was innocent. Plaintiff received a variety of sanctions, including restitution, but not disciplinary segregation. Plaintiff alleges that despite not being sanctioned to disciplinary segregation, he has been in disciplinary housing for

over 200 days. He avers that he notified Gittere, Reubart, Dzurenda, and Sandoval of the deficiencies, but they did nothing to correct them.

Plaintiff was also allowed to proceed with a failure to protect claim against Gittere and Dzurenda, based on allegations that they intentionally switched to an ineffective form of tear gas to save money, and as a result, the guards had no effective means to stop prison riots and contributed to Plaintiff being stabbed.

Finally, Plaintiff was allowed to proceed with an equal protection claim against Reubart, alleging that Reubart placed Plaintiff with all the other Asian/Islander inmates in restrictive disciplinary housing while all black inmates, including those convicted of rioting like Plaintiff, were moved to standard, non-restrictive housing.

Service was accepted on behalf of all defendants, with a notation that service was accepted by Tasheena Cooke, whom Plaintiff had named as Sandoval. (ECF No. 17.)

Plaintiff then sought leave to file a first amended complaint (FAC) to change Sandoval's name to Cooke; add the new director of NDOC (Charles Daniels) as a defendant; and include new allegations that show Gittere's and Daniel's involvement and/or awareness of Count III. In addition, Count IV, which was dismissed on screening, was removed from the FAC. (ECF No. 16.) Defendants did not oppose the motion, and it was granted. Plaintiff was allowed to proceed with: Claim I for violation of his due process rights against Moskoff, Homan, Gittere, Reubart, Cooke (Sandoval), and Dzurenda; Claim II for failure to protect against Gittere and Dzurenda; and Claim III for violation of the Equal Protection Clause against Reubart, Gittere, and Daniels. (ECF No. 21.)

Plaintiff then filed a motion for leave to file a second amended complaint (SAC), stating that he was given leave to do so in case 3:22-cv-00049-MMD-CSD. (ECF No. 33.) Plaintiff

sought to add allegations to Claim I that B. Williams violated his due process rights by denying him a restitution hearing and improperly assessing restitution. Plaintiff also sought to add defendants and allegations to Claims I and III, and he wanted to increase his requested damages.

Plaintiff's basis for seeking leave to amend was that he was granted leave to do so in case 3:22-cv-00049-MMD-CSD. The screening order in that case was issued on June 1, 2022, after the scheduling order deadline for motions for leave to amend in this case. The complaint in case 3:22-cv-00049-MMD-CSD named Gittere, the NDOC Director, and B. Williams. There, Plaintiff alleged that he was denied due process because he was denied the ability to participate in the restitution hearing and was denied notice of the restitution assessed in connection with the rioting incident that is the subject of this action as well. Chief Judge Du found that the allegations were duplicative of those in this action. The court gave Plaintiff the opportunity to voluntarily dismiss the 3:22-cv-00049-MMD-CSD case, and if he did so, said Plaintiff would be given leave to file an amended complaint in this action to include the additional factual allegations from the 3:22-cv-00049-MMD-CSD case. Plaintiff filed a motion for voluntary dismissal in 3:22-cv-00049-MMD-CSD, which was granted, and that case was dismissed.

As a result of Chief Judge Du's ruling in 3:22-cv-00049-MMD-CSD, the court found that good cause existed to amend to assert the due process claim regarding the restitution hearing and assessment against B. Williams in this action, and the court granted his motion for leave to amend in that regard. The court found, however, that Chief Judge Du did not give Plaintiff leave to amend in any other regard. Therefore, to the extent Plaintiff sought leave to amend to include anything other than the due process claim against B. Williams in the SAC, Plaintiff's motion was denied.

Finally, the court pointed out that the motion failed to separately attach a proposed SAC in violation of Local Rule 15-1. Instead, Plaintiff attached various exhibits to his motion, including inmate requests forms, and those were followed by what Plaintiff identified as the "amended complaint," which was described as the original amended complaint plus the "pre-approved" factual allegations from case 3:22-cv-00049. (*See* ECF No. 33 at 14.) The "amended complaint," which should have been titled the second amended complaint, was followed by various exhibits/attachments. (*Id*. at 35-78.) The court ordered Plaintiff to file a separate SAC that would be the operative complaint and was limited to the following claims and defendants: (1) Claim 1: a violation of due process rights against Moskoff, Homan, Gittere, Reubart, Cooke (Sandoval), Dzurenda, and B. Williams; (2) Claim II: failure to protect against Gittere and Dzurenda; and (3) Claim III: violation of the Equal Protection Clause against Reubart, Gittere and Daniels. Plaintiff was given 21 days to file the SAC limited to these claims and defendants. Plaintiff was cautioned that a failure to do so would result in this action proceeding on the FAC. (ECF No. 42.)

Plaintiff has filed a motion for reconsideration of that order, asking the court to accept the SAC as complete because it includes the amended complaint and only the added allegations against B. Williams. He asserts that the other proposed allegations and defendants were not included.

## II. DISCUSSION

Defendants did not oppose Plaintiff's motion, and the court finds that reconsideration should be granted as the document included with Plaintiff's motion for leave to amend is limited to the claims and defendants allowed to proceed in the SAC. ECF No. 33 at pages 15 to 78 shall serve as the SAC, which is the operative complaint.

### III. CONCLUSION

Plaintiff's motion for reconsideration (ECF No. 43) is **GRANTED**. The Clerk shall **DETACH** and file ECF No. 33 at pages 15 to 78, which shall serve as the SAC, and is the operative complaint.

Within **14 days** of the date of this Order, the Attorney General's Office shall file a notice indicating whether it can accept service for B. Williams, and if it cannot, it shall file B. Williams' last known address under seal, but shall not serve it on the Plaintiff.

Finally, the existing scheduling order deadlines will be extended by as follows:

Discovery completion deadline: **December 30, 2022**

Discovery motions: **January 17, 2023**

Dispositive motions: **January 30, 2023**

Joint pretrial order: **March 2, 2023**, unless a dispositive motion is filed, in which case the joint pretrial order is due **30 days** after a decision on the dispositive motion.

**IT IS SO ORDERED**.

Dated: November 7, 2022

_____
Craig S. Denney
United States Magistrate Judge