# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JIN ACKERMAN,

     Plaintiff

v.

GITTERE, et al.,

     Defendants

Case No.: 3:20-cv-00337-MMD-CSD

**Order**

Re: ECF Nos. 112, 119

Plaintiff has filed two motions for the appointment of counsel. (ECF Nos. 112, 119.) Defendants filed a notice of non-opposition. (ECF No. 120.)

"[A] person [generally] has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). 28 U.S.C. § 1915(e)(1), however, does allow the court to "request an attorney to represent any person unable to afford counsel." That being said, the appointment of counsel in a civil case is within the court's discretion and is only allowed in "exceptional cases." *See Palmer*, 560 F.3d at 970 (citations omitted); *see also Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015). In "determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Cano v. Taylor,* 739 F.3d 1213, 1218 (9th Cir. 2015). "Neither of these considerations is dispositive and instead must be viewed together." *Id*. (citing *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.3d 1015, 1017 (9th Cir. 1991) (citation omitted).

1    Plaintiff seeks counsel for the purpose of assisting him with the pre-trial conference, trial

2    preparation, and trial. Plaintiff is unable to afford counsel, and he lacks any legal experience. In

3    addition, he states that a critical witness, Ely State Prison Caseworker Castro, is not located at

4    the same facility as Plaintiff, which makes it impossible to depose him or communicate for trial.

5    Furthermore, he states that cross examination of Defendants and witnesses will be important.

6    The court does not find exceptional circumstances exist to justify the appointment of

7    counsel at this time.

8    Throughout this litigation, including in connection with Defendants' motion for summary

9    judgment and Defendants' appeal of the denial of qualified immunity to the Ninth Circuit,

10   Plaintiff has been able to reasonably articulate his claims. The claims now proceeding are the

11   equal protection claims related to the segregation of Asian Pacific-Islander and African

12   American inmates as well as the due process claim related to his segregated housing status and

13   whether there is a protected interest and adequate due process was provided. The claims are not

14   unduly complex. The fact that Plaintiff is not educated in the law is common to nearly all pro se

15   litigants.

16   Plaintiff argues he is likely to succeed on the merits, but his only support for this

17   argument is that he was allowed to proceed with claims on screening. The fact that Plaintiff

18   states a plausible claim when taking the allegations as true on screening does not equate to a

19   demonstration that a litigant is likely to *succeed* on his claims based on the presentation of

20   evidence at trial.

21   District Judge Du has referred this matter to the undersigned to conduct a settlement

22   conference. The court finds Plaintiff can adequately articulate his claims for purposes of

23   participating in the settlement conference. Should the settlement conference be unsuccessful,

Plaintiff may renew his request for the appointment of counsel for purposes of trial before Judge Du.

**CONCLUSION**

For the reasons set forth above, Plaintiff's motions for the appointment of counsel (ECF Nos. 112, 119) are **DENIED**.

**IT IS SO ORDERED**.

Dated: November 18, 2025

_____
Craig S. Denney
United States Magistrate Judge